## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                   )
                              )    Civil Action No.
            Plaintiff,        )
                              )
        v.                    )
                              )    **COMPLAINT AND**
RUBY TUESDAY, INC.            )    **JURY TRIAL DEMAND**
                              )
            Defendant.        )

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the

"Commission"), brings this action under Title VII of the Civil Rights Act of 1964

and Title I of the Civil Rights Act of 1991to correct unlawful employment

practices on the basis of sex and to provide appropriate relief to Michelle Gydosh

and a class of similarly situated female employees who were adversely affected by

such unlawful employment practices while employed by Defendant, Ruby

Tuesday, Inc.  As alleged with greater particularity in paragraph 7 below, the

-1-

Commission alleges that Michelle Gydosh and a class of similarly situated female employees were sexually harassed by General Manager, Christopher Mendoza and Assistant Managers Jason Schwass and Steven Schaeffer.

The Commission also alleges that the sexually harassing environment was so intolerable that Michelle Gydosh was unable to continue working and was constructively discharged.   As a result of Defendant's discriminatory conduct, Michelle Gydosh and a class of similarly situated female employees have suffered damages, including lost wages and emotional distress.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

-2-

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times mentioned herein, Defendant, Ruby Tuesday, Inc. (the "Employer"), has continuously been doing business in the Commonwealth of Pennsylvania and the City of East Stroudsburg and has continuously had at least 15 employees.

5.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Michelle Gydosh filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    Since at least August of 2006,  Defendant Employer has engaged in unlawful employment practices at its East Stroudsburg, Pennsylvania location in violation of § 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Michelle Gydosh and a class of similarly situated female employees to a sexually hostile work environment.  The unlawful employment practices include, but are not limited to, the following:

(a)    Michelle Gydosh began working for Defendant Employer in October of 2005 as a hostess. In 2006, Ms. Gydosh worked as both a server and hostess.

(b)    Beginning in or about August of 2006, Defendant Employer's General Manager, Christopher Mendoza, repeatedly made unwelcome and sexually suggestive remarks and comments about her body parts, such as "Your breasts look good today," or "Your breasts look really nice."  Mendoza would constantly tell Ms. Gydosh that she was "hot," and that he wanted to "make a porn video with [her]."

(c)    Mendoza's sexual comments were not limited to Ms. Gydosh. He also made inappropriate sexual comments about female customers' body parts and other female employees, like "Wow. Look at her ass," or "She has a nice ass." These sexually degrading comments made Ms. Gydosh extremely uncomfortable.

(d)    Mendoza also made sexually crude propositions to Ms. Gydosh, including telling her that he "wanted to throw [Ms. Gydosh] over a counter and f-ck [her]." Mendoza also used sexually suggestive language when telling Ms. Gydosh about what he would do to her sexually if he were not a married man. Mendoza's repeated sexually explicit comments to her caused Ms. Gydosh great embarrassment and anxiety.

(e)    Steven Schaeffer and Jason Schwass, Defendant's Assistant Managers, also contributed to creating a sexually hostile work environment. Ms. Gydosh frequently heard these managers making misogynistic and sexually inappropriate comments to other female employees.

(f)    On June 29, 2007, Ms. Gydosh began to feel ill during an afternoon shift and a co-worker, Jessica Bulas, asked her if she needed to go home. Ms. Bulas asked Mendoza if Ms. Gydosh could leave since she was ill. Mendoza crassly responded, "All she needs is a good dick up her ass, and I'd be good for that."

(g)    Ms. Bulas repeated Mendoza's vulgar comment to Ms. Gydosh. She complained immediately to Assistant Manager Schaeffer who was present when Mendoza made the comment. Schaefer failed to take any action to further assist her.

(h)    Disgusted, Ms. Gydosh left the restaurant that afternoon and immediately submitted a written complaint via Defendant's complaint hotline. Ms. Gydosh also complained directly to Krista Williams, Regional Service Manager and Jim James, District Manager. She informed them that she could not return to work until Defendant took action to correct the sexually hostile work environment.

(i)    Defendant Employer knew or should have known about the sexually hostile work environment to which Ms. Gydosh and other females were being subjected.

(j)    Although Ms. Gydosh submitted four (4) written complaints and two direct complaints to company officials, Defendant Employer failed to take any remedial action to correct the hostile work environment. As a result, Ms. Gydosh could not return to work and was constructively discharged as of June 29, 2007.

(k)    Mendoza, Schwass, and Schaeffer also sexually harassed a class of similarly situated females, which included at least two teenage females, subjecting them to unwelcome sexually graphic comments on a daily basis. This conduct, included but is not limited to, the following:

(1) Mendoza made sexually explicit comments about female employees, and about the body parts of pregnant and non-pregnant female customers: "Wow, look at her ass." "She's hot." and/or "She has big breasts;"

(2) Mendoza made explicit sexual comments and innuendos about his sexual desires, sexual fantasies, his sexual relationships, and about female customers such as, "she must really be horny - my wife was always horny. I am surprised my kids don't have problems with all the times we've had sex;"

(3)    Defendant's managers made demeaning, condescending, and sexist remarks about women. For example, Assistant Manager Schaeffer made comments about the "10 hottest" girls, and tried to look down the shirts of female employees.

8.    The effect of the practices complained of in paragraph 7 above has been to deprive Michelle Gydosh and a class of similarly situated female employees of equal employment opportunities and otherwise affect adversely their status as employees because of their sex.

9.    The unlawful employment practices complained of in paragraph 7 above were intentional.

10.    The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Michelle Gydosh and a class of similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the bases of sex.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which provide for a harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to institute and carry out harassment policies and complaint procedures.

D.    Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against harassment.

E.  Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on anti-harassment; and requiring all managers and

supervisors to report any incidents and/or complaints of harassment of which they become aware to the department charged with handling such complaints.

F.     Order Defendant Employer to make whole Michelle Gydosh, by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.     Order Defendant Employer to make whole Michelle Gydosh, by providing  compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H.     Order Defendant Employer to make whole Michelle Gydosh, and a class of similarly situated females, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I.     Order Defendant Employers to pay Michelle Gydosh, and a class of similarly situated females, punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

J.    Grant such further relief as the Court deems necessary and proper in the public interest.

K.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
*U.S. EQUAL EMPLOYMENT*
*OPPORTUNITY COMMISSION*
1801 L. Street, NW
Washington, DC 20507

JACQUELINE H. MCNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

RACHEL M. SMITH
Trial Attorney

*EQUAL EMPLOYMENT*
*OPPORTUNITY COMMISSION*
Philadelphia District Office
801 Market Street

-10-

Penthouse, Suite 1300
Philadelphia, PA 19107
Telephone:  (215) 440-2642
Facsimile:  (215) 440-2848
rachel.smith@eeoc.gov