## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Civil Action No. 08-1592 |
| RUBY TUESDAY, INC. | ) ) | CONSENT DECREE |
| Defendant. | ) ) ) | |

**FILED**
**SCRANTON**

OCT 3 0 2009

PER _____
~~DEPUTY CLERK~~

### INTRODUCTION

A.   This action was instituted by the U.S. Equal Employment Opportunity Commission

("the EEOC" or "the Commission") on August 25, 2008, against Ruby Tuesday, Inc. to enforce

provisions of Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title

VII"). The Commission alleged that Ruby Tuesday, Inc. ("Ruby Tuesday") discriminated against

Michelle Gydosh as well as a class of female employees who worked at Ruby Tuesday's

Stroudsburg, PA facility, when they were subjected to sexually explicit, insulting and derogatory

comments and conduct, which created a sexually hostile and offensive work environment based

on their sex, female The Commission also alleged that Ruby Tuesday failed to undertake prompt,

effective, remedial action to stop the offensive and discriminatory conduct. Further, the

Commission maintained that as a result of the sexually hostile work environment, Charging Party

suffered back pay and emotional distress damages, and the class of female employees suffered

emotional distress and damages. Ruby Tuesday denies these allegations and maintains that, at all

times, it ensured that a non-discriminatory work environment existed at the Stroudsburg, PA

facility, and contends that it effectively enforced its polices against unlawful harassment.

B.   This Consent Decree is entered into by and shall be final and binding between the

EEOC and Ruby Tuesday, its directors, officers, agents, successors and assigns.

{N2048059.2}                                          1

C.    The Commission and Ruby Tuesday agree to the entry of this Consent Decree, which shall fully and finally resolve all claims the EEOC raised in its Complaint in Civil Action No. 08-CV-1592. This Consent Decree shall not constitute either an adjudication of or finding on the merits of the complaint and shall not be construed as an admission by Defendant of any violation of Title VII.

## FINDINGS

D.    Having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record and stipulations of the parties, the Court finds: (1) it has jurisdiction of the parties and subject matter jurisdiction of this action; and (2) the terms of this Decree are fair, reasonable, equitable and just, and adequately protect the rights of the parties, class members and the public interest.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## NON-DISCRIMINATION AND NON-RETALIATION

1.    Ruby Tuesday agrees that it will provide workplaces free from sexual harassment, and agrees not to discriminate on the basis of sex in violation of Title VII.

2.    Ruby Tuesday agrees that it will not engage in any employment practices which retaliate against any person, including but not limited to Michelle Gydosh; Melissa Johnson; Rosemary Singer; Dawn Kovacs; and Nicole Wallace, because of that person's opposition to any employment practice made unlawful by Title VII or because that person has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII.

3.    This Consent Decree fully and finally resolves this action which emanated from Charge No. 530-2007-03734, including the claims of Michelle Gydosh, Melissa Johnson, Rosemary Singer, Dawn Kovacs, Nicole Wallace, and former claimants Katie O'Donnell,

{N2048059.2}                                2

Christina Knittel, Beverly Schane, Ellyn Widoss, Kaitlyn Knudson, Britanny Nichols, Bridgette Normando, and Daniella Normando.

## MONETARY RELIEF

4.    Within 10 business days after the filing of this Consent Decree in full settlement of the claims against Defendant which were raised in the Commission's Complaint, Defendant Ruby Tuesday agrees to pay monetary relief in the total amount of $255,000 to be distributed as follows:

a.   Michelle. Gydosh:          $ 101,000.00

b.   Melissa Johnson:           $ 32,000.00

c.   Rosemary Singer:           $ 57,000.00

d.   Dawn Kovacs:              $ 60,000.00

e.   Nicole Wallace:            $ 5,000.00

Concurrent with the filing of this Consent Decree, all claimants have executed Releases, attached hereto as Exhibit 1. Within ten business days thereafter, a copy of the foregoing checks will be mailed to the attention of Rachel M. Smith, Trial Attorney, EEOC, 801 Market Street, Suite 1300, Philadelphia PA 19107. Late payment of the check will be subject to the accrual of interest on the unpaid amount, calculated pursuant to 28 U.S.C. § 1961. The checks will be mailed to the foregoing persons at the addresses provided by the EEOC, and for purposes of timeliness, payments are considered made on the date the checks are mailed to the addresses provided by the EEOC.

## POSTING OF NOTICE

5.  Within 30 business days after entry of this Decree, Ruby Tuesday shall post a Notice, a copy of which is attached hereto as Exhibit 2, at Ruby Tuesday' Stroudsburg, PA, facility on all bulletin boards used by Ruby Tuesday for communicating with employees, same-sized copies of

the Notice. The Notice shall remain posted for three (3) years from the date of this Consent
Decree. Ruby Tuesday will forward the location and dates of posting within 30 days after entry
of this Decree to Rachel M. Smith, Trial Attorney, EEOC, 801 Market Street, Suite 1300,
Philadelphia, PA. If posted copies become defaced, removed, marred or otherwise illegible.
Ruby Tuesday agrees to post a readable copy in the same manner as heretofore specified.

## NON-DISCRIMINATION AND ANTI-HARASSMENT POLICIES AND COMPLAINT PROCEDURES

6.    Ruby Tuesday's policy against sexual harassment and complaint procedures shall be
drafted in plain and simple language. Ruby Tuesday shall ensure that its policies are consistent
with Ruby Tuesday's obligations under Title VII. Its policies against sexual harassment
discrimination and related complaint procedures must meet the following minimum criteria:

(a)    State that Ruby Tuesday: (i) prohibits discrimination against employees on the basis
of sex, in violation of Title VII; (ii) prohibits retaliation against employees for opposing
employment practices they reasonably believe are discriminatory or for participating in an
investigation by the EEOC or a state or local governmental agency of a charge of discrimination
under Title VII; (iii) prohibits any act, policy or practice that has the effect of harassing or
intimidating any employee on the basis of sex, in violation of Title VII; and (iv) prohibits any
act, policy or practice that has the effect of creating, facilitating or permitting the existence of a
work environment that is hostile to employees through acts such as physical / verbal abuse and
derogatory comments based on sex, in violation of Title VII;

(b)    Includes a complaint procedure intended to encourage employees to come forward
with complaints regarding violations of its policy or policies against sexual harassment
discrimination, which meets the following minimum criteria:    (i) provides an effective
mechanism(s) for reporting incidents of sexual harassment; (ii) provides that the complaints of

sexual harassment discrimination can be made either in writing or verbally; (iii) identifies employees to whom an employee can make a complaint, including personnel in the Human Resources Department; and (iv) provides assurances that complainants shall not be subjected to retaliation;

(c)    Provides for prompt investigation of complaints of sexual harassment;

(d)    Provides for prompt communication to the complaining party at the cessation of the investigation, as long as the complaining party is employed by Ruby Tuesday at that time; and;

(e)    Provides for discipline up to and including discharge of any employee who violates Defendants' policy or policies against sexual harassment discrimination.

7.    Ruby Tuesday shall redistribute to all of its employees and newly-hired employees at the Stroudsburg, PA location, its Respect and Responsibility policy which prohibits sexual harassment within 90 days after entry of this Consent Decree.

8.    Within 90 days after entry of this Consent Decree, Ruby Tuesday shall advise Rachel M. Smith, Trial Attorney, EEOC's Philadelphia, PA District Office, that its policy or policies against sexual harassment discrimination has been redistributed to current employees described in Paragraph 7 above, including temporary employees, and that new employees, including temporary employees, will receive these policies and an opportunity to acknowledge receipt. The distribution of the policies shall be to all employees working at Ruby Tuesday' Stroudsburg, PA, facility. Ruby Tuesday will retain copies of any acknowledgment of receipt for employees.

## SUPERVISOR ACCOUNTABILITY

9. Ruby Tuesday shall promote supervisor accountability by the following conduct:

(a)    Providing anti-sexual harassment training to all of its supervisory and managerial personnel at the Stroudsburg, PA. location as set forth in Paragraph 10;

{N2048059.2}                                              5

(b)     Assessing appropriate discipline to any employee who violates Ruby Tuesday's policy or policies against sexual harassment; and

(c)     Imposing on all managers and supervisory personnel a duty to administer their work areas to ensure compliance with Ruby Tuesday' policy against sexual harassment; and

(d)     Requiring all managers and supervisors to report any incidents and/or complaints of sexual harassment of which they become aware to the Human Resources Department, or officials designated to accept such complaints.

## TRAINING

10.     Ruby Tuesday agrees to provide retraining on the requirements of Title VII as follows:

(a)     Ruby Tuesday agrees to provide  one retraining session for all of its managers and supervisors, and for all Human Resources Department employees responsible for responding to Title VII complaints made by employees of Ruby Tuesday at Ruby Tuesday's Stroudsburg, PA, facility each year of the duration of the Consent Decree. Ruby Tuesday will advise the Commission of the identity and qualifications of the trainer, and the dates of the expected training. The training will include a review of employee and employer rights and obligations under both Title VII and relevant state or local anti-discrimination laws; will emphasize what constitutes unlawful sexual harassment in the workplace; discuss how to keep the company free from such harassment; describe what constitutes unlawful sex discrimination and will summarize how to conduct a prompt and effective investigation into allegations, complaints or charges of sex discrimination-and sexual harassment.

(b)     Defendant shall provide the first training session in accordance with Paragraph 10 (a) no later than 120 calendar days after entry of this Consent Decree.

11.    Ruby Tuesday agrees at its expense to provide the EEOC with copies of all pamphlets, brochures, outlines or other written materials provided to attendees of training sessions.

12.    Ruby Tuesday shall certify to the EEOC in writing within 20 business days after the training sessions required by Paragraph 12 has occurred that the training has taken place and the identity of attendees. Such certification shall include: (i) the dates, location and duration of the training session; (ii) a copy of the registry of attendance, including the name and position of each person in attendance.

## DISPUTE RESOLUTION

13.    In the event either party to this Decree believes the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within 20 days of the alleged non-compliance and afford the alleged non-complying party 20 business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within 20 business days, the complaining party may apply to the Court for appropriate relief.

## MISCELLANEOUS PROVISIONS

14.    Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

15.    The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of Ruby Tuesday in their capacities as representatives, agents, directors and officers of Ruby Tuesday and not in their individual capacities. This paragraph shall not be construed as placing any limit on remedies

available to the Court in the event any individual is found in contempt for a violation of this Decree.

16.   This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 08-1592.

17.   This Consent Decree shall be filed in the United States District Court for the Middle District of Pennsylvania and shall continue in effect for three (3) years. During this time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than 30 days' notice to the other party. Should any material disputes under this Decree remain unresolved after this three (3) year period, the terms of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Consent Decree) until such time as all disputes have been resolved.

18.   The Clerk of the District Court is hereby directed to send a file-stamped copy of this Consent Decree to counsel of record.

For Plaintiff EEOC:                                            For Defendant Ruby Tuesday:

_____

James L. Lee                                                        Cornelius Heusel, Esq.
Deputy General Counsel                                     Jones, Walker, Waechter, Poitevent,
Gwendolyn Young Reams                                    Carrere & Denegre  LLP
Associate General Counsel                                  201 St. Charles Avenue
Washington, D.C.                                               New Orleans, LA 70170-5100
EQUAL EMPLOYMENT OPPORTUNITY            (504) 582-8000
COMMISSION

Debra M. Lawrence
Acting Regional Attorney

Stephanie Marino
Acting Supervisory Trial Attorney

Rachel M. Smith
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
(215)440-2642

**IT IS ORDERED:**

**BY THE COURT:**                                            DATE: *October 30, 2009*

HON. WILLIAM J. NEALON
UNITED STAES DISTRICT JUDGE
MIDDLE DISTRICT OF PENNSYLVANIA

**Exhibit 1**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITYCOMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 08-1592** |
| **RUBY TUESDAY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### RELEASE

I, Michelle Gydosh, for the consideration affecting me set forth in Paragraph 4 of the Consent Decree entered into by the Equal Employment Opportunity Commission (the "EEOC"), and Ruby Tuesday, Inc. in Civil Action Number 08-01592, do hereby waive, remit, release and forever discharge Ruby Tuesday, Inc., its directors, officers, agents, employees, representatives, successors and assigns, from any and all claims which were asserted in the EEOC's Complaint, in <u>EEOC v. Ruby Tuesday, Inc.</u> Civil Action No. 08-01592.

This Release is freely executed in return for the good and valuable consideration set forth in the above-referenced Consent Decree. I acknowledge that I have been provided a reasonable time to read and consider this Release. I acknowledge that I have been advised of my right to private counsel.

I am legally competent to execute this Release and accept full responsibility thereof.

DATE: _9/24/09_                    SIGNATURE: _Michelle Gydosh_
                                                Michelle Gydosh

Sworn to and Subscribed
Before me this **24** day
of *SepT*, 2009


NOTARY PUBLIC *Reginald E. Reynolds*

My Commission Expires:

NOTARY PUBLIC-STATE OF FLORIDA
Reginald E. Reynolds
Commission # DD686756
Expires:  JUNE 18, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

2

**Exhibit 1**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITYCOMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 08-1592 |
| RUBY TUESDAY, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### RELEASE

I, Dawn Kovacs, for the consideration affecting me set forth in Paragraph 4 of the

Consent Decree entered into by the Equal Employment Opportunity Commission (the "EEOC"),

and Ruby Tuesday, Inc. in Civil Action Number 08-01592, do hereby waive, remit, release and

forever discharge Ruby Tuesday, Inc., its directors, officers, agents, employees, representatives,

successors and assigns, from any and all claims which were asserted in the EEOC's Complaint,

in <u>EEOC v. Ruby Tuesday, Inc.</u> Civil Action No. 08-01592.

This Release is freely executed in return for the good and valuable consideration set forth

in the above-referenced Consent Decree.  I acknowledge that I have been provided a reasonable

time to read and consider this Release.  I acknowledge that I have been advised of my right to

private counsel.

I am legally competent to execute this Release and accept full responsibility thereof.

DATE 09/23/2009 DMV

09/24/2009

SIGNATURE Dawn Kovacs

1

Sworn to and Subscribed
Before me this 24 day
of Sept , 2009

Bridgette N Horney
NOTARY PUBLIC
Bridgette N Horney
My Commission Expires: 6\11\13

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Bridgette N. Horney, Notary Public
Hamilton Twp., Monroe County
My Commission Expires June 11, 2013
Member, Pennsylvania Association of Notaries

2

**Exhibit 1**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) | **Civil Action No. 08-1592** |
| **RUBY TUESDAY, INC.** | ) ) | |
| **Defendant.** | ) ) | |
| _____ | ) | |

### <u>RELEASE</u>

I, Rosemary Singer, for the consideration affecting me set forth in Paragraph 4 of the

Consent Decree entered into by the Equal Employment Opportunity Commission (the "EEOC"),

and Ruby Tuesday, Inc. in Civil Action Number 08-01592, do hereby waive, remit, release and

forever discharge Ruby Tuesday, Inc., its directors, officers, agents, employees, representatives,

successors and assigns, from any and all claims which were asserted in the EEOC's Complaint,

in <u>EEOC v. Ruby Tuesday, Inc.</u> Civil Action No. 08-01592.

This Release is freely executed in return for the good and valuable consideration set forth

in the above-referenced Consent Decree.  I acknowledge that I have been provided a reasonable

time to read and consider this Release.  I acknowledge that I have been advised of my right to

private counsel.

I am legally competent to execute this Release and accept full responsibility thereof.


DATE: 9/25/09                    SIGNATURE: *Rosemoy Sing*
                                             Rosemary Singer

1·

Sworn to and Subscribed
Before me this 25 day
of September, 2009

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Cynthia Rodriguez, Notary Public
Hamilton Twp., Monroe County
My Commission Expires May 20, 2011
Member, Pennsylvania Association of Notaries

My Commission Expires: 5/20/11

2

Exhibit 1

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) | **Civil Action No. 08-1592** |
| RUBY TUESDAY, INC. | ) ) | |
| **Defendant.** | ) ) | |
| _____ | ) | |

## <u>RELEASE</u>

I,  Melissa Johnson, for the consideration affecting me set forth in Paragraph 4 of the

Consent Decree entered into by the Equal Employment Opportunity Commission (the "EEOC"),

and Ruby Tuesday, Inc. in Civil Action Number 08-01592, do hereby waive, remit, release and

forever discharge Ruby Tuesday, Inc., its directors, officers, agents, employees, representatives,

successors and assigns, from any and all claims which were asserted in the EEOC's Complaint,

in <u>EEOC v. Ruby Tuesday, Inc.</u> Civil Action No. 08-01592.

This Release is freely executed in return for the good and valuable consideration set forth

in the above-referenced Consent Decree.  I acknowledge that I have been provided a reasonable

time to read and consider this Release.  I acknowledge that I have been advised of my right to

private counsel.

I am legally competent to execute this Release and accept full responsibility thereof.

DATE: 09/25/09    SIGNATURE: _Melissa Johnson_
                                  Melissa Johnson

Sworn to and Subscribed

1

COMMONWEALTH OF PENNSYLVANIA

| Notarial Seal |
| Kip A. Conforti, Notary Public |
| Clarks Summit Boro, Lackawanna County |
| My Commission Expires Mar. 24, 2010 |

Member, Pennsylvania Association of Notaries

Before me this 26 day *SEPTEMBER*
of          , 2009

NOTARY PUBLIC
KIP A. CONFORTI,
My Commission Expires: MARCH 24 2010

2

**Exhibit 1**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 08-1592** |
| **RUBY TUESDAY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### RELEASE

I, Nicole Wallace, for the consideration affecting me set forth in Paragraph 4 of the Consent Decree entered into by the Equal Employment Opportunity Commission (the "EEOC"), and Ruby Tuesday, Inc. in Civil Action Number 08-01592, do hereby waive, remit, release and forever discharge Ruby Tuesday, Inc., its directors, officers, agents, employees, representatives, successors and assigns, from any and all claims which were asserted in the EEOC's Complaint, in <u>EEOC v. Ruby Tuesday, Inc.</u> Civil Action No. 08-01592.

This Release is freely executed in return for the good and valuable consideration set forth in the above-referenced Consent Decree. I acknowledge that I have been provided a reasonable time to read and consider this Release. I acknowledge that I have been advised of my right to private counsel.

I am legally competent to execute this Release and accept full responsibility thereof.

DATE: 9/25/09                    SIGNATURE: _Nicole Wallace_
                                             Nicole Wallace

Sworn to and Subscribed
Before me this 25 day  S
of Sept , 2009

NOTARY PUBLIC

My Commission Expires: 9|13|2010



2

**EXHIBIT 2**

**NOTICE TO ALL RUBY TUESDAY EMPLOYEES**

This Notice is posted pursuant to a Consent Decree entered by the federal court for the Eastern District of Pennsylvania in <u>EEOC v. Ruby Tuesday.</u> Civil Action Number 08-CV-01592, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Ruby Tuesday.

To resolve the case, Ruby Tuesday and the EEOC have entered into a Consent Decree which provides, among other things, that: (1) Ruby Tuesday agrees to pay monetary relief; (2) Ruby Tuesday agrees not to discriminate on the basis of sex; (3) Ruby Tuesday will not retaliate against any person because he or she opposes any practice made unlawful by Title VII, files a Title VII charge of discrimination, participates in any Title VII proceeding, or asserts any rights under the Consent Decree; and (4) Ruby Tuesday will provide retraining to managers and supervisors at its Stroudsburg, PA facility and officials in its Human Resources Department with responsibility for responding to Title VII complaints regarding sexual harassment discrimination, and regarding its policy prohibiting sexual harassment discrimination.

If you believe you have been discriminated against, you may contact the EEOC at (215) 440-2600. The EEOC charges no fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Philadelphia District Office, 801 Market Street, Suite 1300, Philadelphia, PA 19107.

_____
Debra M. Lawrence
Acting Regional Attorney, EEOC

_____
Representative for Ruby Tuesday, Inc.

{N2048059.2}                                   10



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market Street, Suite 1300
Philadelphia, PA 19107
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

Rachel M. Smith
Trial Attorney
Direct Dial (215) 440-2642

October 20, 2009

VIA FEDERAL EXPRESS
The Honorable William J. Nealon
William J. Nealon Federal Building &
U.S. Courthouse
235 N. Washington Ave.
P.O. Box 1148
Scranton, PA 18501

Re:     EEOC v. Ruby Tuesday
        Civil Action No. 08-1592

Dear Judge Nealon:

      The parties are pleased to inform the Court that the above referenced matter has been settled. Enclosed please find the Consent Decree and attached exhibits for Your Honor's signature. Once this document is signed, the parties respectfully request that the Consent Decree and attached exhibits be filed with the Court.

      If you have any questions regarding this matter, please do not hesitate to contact my office with any questions.

Respectfully submitted,

*Rachel M. Smith*

Rachel M. Smith
Trial Attorney
U.S. EEOC

Encl.

cc:     Cornelius Heusel, Esq. (w/encl.)
        Jennifer Kogos, Esq. (w/encl.)